IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DAVIOUS MARQUES BOYD,** | : |
| Plaintiff, | : |
| | : Case No. 5:22-cv-00448-TES-CHW |
| v. | : |
| | : |
| **RIVERBEND CORRECTIONAL FACILITY,** | : |
| | : Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : Before the U. S. Magistrate Judge |

# ORDER

*Pro se* Plaintiff Davious Boyd, a prisoner at Riverbend Correctional Facility in Milledgeville, Georgia, filed a document in the Northern District of Georgia which was docketed as 42 U.S.C § 1983 complaint. ECF No. 1. That civil action has now been transferred to this court. ECF Nos. 4 and 5. Plaintiff did not pay the filing fee or request leave to proceed without prepayment of the filing fee.

If Plaintiff's filing of a grievance form in this Court is an attempt to raise constitutional claims under 42 U.S.C § 1983, his current pleading is wholly insufficient to do so. If Plaintiff wishes to proceed with this civil action regarding his allegation that "Lt. Baker bribed [Plaintiff]… to drop the grievance on him", he must recast his complaint on the Court's required 42 U.S.C. § 1983 complaint form. Plaintiff is cautioned that the opportunity to recast is not an invitation for him to include every imaginable claim that he may have against any state official.

In redrafting his complaint, Plaintiff may not join unrelated claims and defendants in a single action. Just because alleged events occur in one prison does not necessarily make claims about those allegations related. Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

In his recast complaint, Plaintiff shall clearly identify those individuals he wishes to include as named defendants. A state prison in Georgia, such as Riverbend Correctional Facility, is not a legal entity subject to suit and is not a "person" under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58. 71; *Brown v. Med.*, 2016 WL 4499092, at *2 (M.D. Ga. Aug. 26, 2016) (dismissing § 1983 claims against Riverbend Correctional Facility); *see also Allen v. Brown*, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) ("federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims").

When drafting his statement of claims on the standard form, Plaintiff should list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

(3) When and where did each action occur (to the extent memory allows)?

(4) How were you injured because of this Defendant's actions or inactions?

(5) What relief do you seek from this Defendant? [1]

The recast complaint shall take the place of and supersede the pleading previously

---

[1] Plaintiff requests monetary damages. ECF No. 1. A request for monetary damages is permissible in a § 1983 action. However, Plaintiff's request that this Court "place $200,000" on the books for other unnamed inmates is frivolous. Even if these inmates were named, a *pro se* plaintiff may not represent the interest of other prisoners. *See, e.g., Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). Plaintiff further requests that this court transfer him and these unnamed inmates to another prison. ECF No. 1 at 1. State prisoners do not have a federal constitutional right of transfer to other state prisons. *See, e.g., Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Sanchez v. McCray*, 349 F. App'x 479, 481-82 (11th Cir. 2009) *citing Meachum*, 427 U.S. at 224 (determining that an inmate had "no constitutionally protected liberty interest in being housed in a certain prison or a certain section within a prison."). This Court has no authority to order the transfer of Plaintiff or any of his fellow inmates from one state prison to another. *See Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978) (district courts do not have the "authority to address state officials out of office…"). "The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." *Fano*, 427 U.S. at 229 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 491-492 (1973). As such, "a federal court must not unnecessarily involve itself in matters of prison administration." *Osterback v. Kemp*, 300 F.Supp.2d 1238, 1251 (N.D. Fla. 2003) (citation omitted).

filed in this action. The Court will not look back to the previous pleading to determine whether Plaintiff has stated a claim, and Plaintiff should take care to include all relevant factual allegations that he wishes to raise in this complaint. Plaintiff should state his claim as simply as possible, referring only to the relevant allegations against the named defendants in this case. He need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff is not to include any exhibits or attachments (*i.e* witness statements, grievance reports, etc.). ***The complaint must be no longer than ten (10) pages.***

Additionally, Plaintiff has not either paid the Court's $402.00 filing fee or moved to proceed in this action *in forma pauperis*. A prisoner seeking to proceed IFP must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). To proceed, Plaintiff must either pay the $402.00 filing fee or file a motion to proceed *in forma pauperis* with the required statutory supporting documentation.

Therefore, Plaintiff is **ORDERED** to complete and return a 42 U.S.C. § 1983 complaint form following this Court's instructions herein and either pay the filing fee or file a motion to proceed *in forma pauperis* with the statutory supporting documentation within **FOURTEEN (14) DAYS** of the date of this Order. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action.

The Clerk of Court is **DIRECTED** to forward a copy of this order, a 42 U.S.C. § 1983 complaint form, and an application to proceed without prepayment of the filing fee, along with the appropriate certification form (with the civil action number shown on all) to Plaintiff.  In the meantime, there shall be **NO SERVICE** of process upon any Defendant.

**SO ORDERED and DIRECTED**, this 30th day of December, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge